UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER P. L.[1],

                              Plaintiff,

-v-                                                    CIVIL ACTION NO.: 17 Civ. 5589 (SLC)

                                                       **OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

**I. INTRODUCTION**

Before the Court is a motion, filed by Charles E. Binder, Esq. ("Binder"), counsel for

Plaintiff Jennifer P. L. ("Plaintiff"), for attorneys' fees in the amount of $25,814.25 pursuant to a

contingency fee agreement and Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1)

(the "Act").  (Dkt. No. 40 (the "Amended Motion")).  For the reasons set forth below, the

Amended Motion is GRANTED.  The Court awards attorneys' fees to Binder in the amount of

$25,814.25 under Section 406(b) and orders Binder to refund to Plaintiff $2,656.84 in attorneys'

fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**II. BACKGROUND**

On July 21, 2017, Plaintiff filed this action seeking judicial review of the decision of the

Commissioner of Social Security (the "Commissioner") denying her application for disability

income benefits.  (Dkt. No. 1).  Binder represented Plaintiff both in this action and at the agency

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and followed by other judges in this District, we refer to Plaintiff only by her first name and middle and last initial.

level.  (See Dkt. Nos. 42 ¶ 3; 42-1 (the "Retainer Agreement"); see generally Dkt. No. 11).  The Retainer Agreement contained a contingency fee arrangement providing that Binder would receive up to 25% of any past-due benefits awarded to Plaintiff.  (Dkt. Nos. 42 ¶ 3; 42-1 ¶¶ 1, 3).  If Plaintiff were ultimately unsuccessful in her pursuit of benefits, Binder would receive nothing under the Retainer Agreement.  (Dkt. No. 42-1 ¶ 2).

On December 19, 2017, the Commissioner filed the administrative record.  (Dkt. No. 11).  On February 16, 2018, Plaintiff filed her motion for judgment on the pleadings.  (Dkt. No. 12).  On May 17, 2018, the Commissioner filed a cross-motion for judgment on the pleadings.  (Dkt. No. 16).  On June 6, 2018, Plaintiff filed a reply memorandum of law in support of her motion for judgment on the pleadings.  (Dkt. No. 18).

On March 20, 2019, the Honorable Henry B. Pitman issued an Opinion and Order granting Plaintiff's motion for judgment on the pleadings, denying the Commissioner's cross-motion, and remanding the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Dkt. No. 24).  On June 19, 2019, the parties stipulated to an award to Binder of attorneys' fees and costs in the amount of $6,500.00 under the EAJA.  (Dkt. No. 27 (the "EAJA Fees")).  Binder only received $2,656.84 of the EAJA Fees, however, because the Department of Treasury applied $3,843.16 of the EAJA Fees to Plaintiff's federal debt.  (Dkt. No. 42 ¶ 5; see Dkt. No. 42-2).

Following remand, on March 20, 2025, Binder received notice from the Commissioner, dated December 9, 2024, informing Plaintiff that she was found to be disabled and entitled to past-due benefits.  (Dkt. No. 42 ¶ 15; 42-4 (the "First Award Letter")).  Binder attests that the Commissioner improperly calculated benefits in the First Award Letter, and therefore, Binder requested an updated award from the Commissioner.  (Dkt. No. 42 ¶ 15).  On February 12, 2026,

the Commissioner provided Binder with a second notice of award reflecting the total past-due benefits of $103,257.00 and indicating that the Commissioner withheld $25,814.25 in anticipated attorneys' fees pursuant to Section 406(b).  (Id.; Dkt. No. 42-7 (the "Second Award Letter")).

On July 28, 2025, Binder filed a motion for attorneys' fees pursuant to Section 406(b). (Dkt. No. 28 (the "First Motion")).  On August 11, 2025, this action was redesignated to the undersigned (Dkt. Entry dated Aug. 11, 2025), and on January 13, 2026, the parties consented to Magistrate Judge jurisdiction (Dkt. No. 36).  Before the Commissioner could respond the First Motion, Binder filed the Amended Motion requesting attorneys' fees under Section 406(b) in the amount of $25,814.25 for 33.4 hours of work his firm, Charles E. Binder & Harry J. Binder Attorneys at Law, LLP, spent representing Plaintiff (the "Requested Fees").[2]  (Dkt. No. 40).  The Commissioner filed a letter response neither opposing nor supporting the Amended Motion. (Dkt. No. 43).

## III. **DISCUSSION**

### A.  **Legal Standard**

Section 406(b) of the Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should evaluate the agreement for reasonableness.  See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[3]

---

[2] Binder requests that the First Motion be stricken and substituted with the Amended Motion, which reflects information contained in the Second Award Letter rather than the First Award Letter.  (Dkt. No. 40).  The Commissioner does not oppose this request.  (See Dkt. No. 43).  This request is GRANTED and the First Motion is Stricken from the record.  The Court considers only the Amended Motion.
[3] Internal case citations and quotation marks are omitted unless otherwise indicated.

3

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." Fields, 24 F.4th at 849, 853.  To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Id. at 854.  Courts should consider:  (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–55.  A district court may reduce the amount provided for in a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors.  Id. at 852–53; see Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields factors), adopted by, 2023 WL 4649389 (S.D.N.Y. July 20, 2023); Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same).

In addition, if a court awards fees to a claimant's attorney under <u>both</u> the EAJA and Section 406(b), the attorney must refund to the claimant the lesser of the two fees. <u>See</u> <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002); <u>Wells v. Bowen</u>, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); <u>Hill</u>, 2023 WL 4827265, at *3 (collecting cases).

## B. <u>Application</u>

### 1. <u>Timeliness</u>

As a threshold matter, Binder states that he received the Second Award Letter on February 12, 2026, and he filed the Amended Motion eight days later.  (Dkt. No. 42 ¶ 15). Accordingly, the Amended Motion is timely.  <u>See</u> <u>Sinkler v. Berryhill</u>, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice); <u>accord</u> <u>Johnson v. Kijakazi</u>, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

### 2. <u>Reasonableness</u>

The Retainer Agreement permits Binder to receive attorneys' fees under Section 406(b) in the amount of 25% of Plaintiff's past-due benefits.  (Dkt. No. 42-1 ¶ 1).  The Requested Fees do not exceed the statutory cap in Section 406(b),[4] there are no allegations of fraud or overreaching with respect to the Retainer Agreement, and the record does not reflect any purposeful delay by Binder.  (<u>See</u> <u>generally</u> Dkt. Nos. 11; 42; 42-1).  In addition, through Binder's representation, Plaintiff "obtained positive results" in the form of an award of $103,257.00 in

---

[4] $103,257 *.25 = $25,814.25, the exact amount of the Requested Fees.

past-due benefits.  (See Dkt. No. 42-7 at 5).  See Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1, 2023) (noting that counsel "obtained positive results" for client by "securing a remand to the Commissioner" and winning past-due benefits).

We thus turn to the only remaining question:  whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]"  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).  Our analysis turns not solely on the de facto hourly rate but must consider the four Fields factors.  See Fields, 24 F.4th at 854–55.  Here, Binder seeks 25% of Plaintiff's past-due benefits, $25,814.25.  (Dkt. No. 42 ¶ 16).  Binder's firm expended 33.4 hours representing Plaintiff in this action, resulting in an effective hourly rate of $772.88.[5]  (See Dkt. No. 42-3).  As set forth below, because the Fields factors weigh in Binder's favor, we find the amount of the Requested Fees to be reasonable.

First — "the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854 — courts in the Second Circuit have found that "attorneys are generally compensated for twenty to forty hours of work in routine Social Security benefits cases."  Molina v. Saul, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021).  Here, Binder requests compensation for 33.4 hours of work by his legal office and supported his request with contemporaneous billing records detailing the dates, hours expended, description, and timekeeper of the work performed by his firm.  (Dkt. No. 42-3).  We have reviewed the billing records and find that the documented hours were spent primarily litigating this action, including reviewing the administrative record and drafting the motion for judgment on the pleadings.  (See id.)

---

[5] $25,814.25 / 33.4 hours = $772.88.

In addition, Binder's efforts were successful in that the case was remanded to the Commissioner for further proceedings, which led to an award of past-due benefits to Plaintiff of $103,257.00.  (See Dkt. No. 42-7).  As we and other courts in this Circuit have previously recognized, Binder, who has "almost exclusively" represented benefits claimants at both the federal and administrative levels (Dkt. No. 42 ¶ 14), is experienced in handling Social Security cases.  See, e.g., Figueroa v. Comm'r of Soc. Sec., No. 22 Civ. 3759 (SLC), 2024 WL 5039633, at *3 (S.D.N.Y. Dec. 9, 2024); Jones v. Comm'r of Soc. Sec., No. 21 Civ. 4156 (SDA), 2023 WL 7042641, at *2 (S.D.N.Y. Oct. 26. 2023) (calling Binder "an experienced litigator in Social Security cases").  Therefore, we find that the hours Binder spent on this action given his experience are reasonable.  See Cutatajar v. Comm'r of Soc. Sec., No. 19 Civ. 5569 (SDA), 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021) (finding 39.5 hours reasonable); Stern v. Colvin, No. 16 Civ. 4250 (LAP) (KHP), 2020 WL 8678087, at *1 (S.D.N.Y. Oct. 8, 2020) (finding 39.1 hours reasonable), adopted by, 2021 WL 797646 (S.D.N.Y. Mar. 2, 2021); Rita M.B. v. Berryhill, No. 16 Civ. 262 (DEP), 2018 WL 5784101, at *7 (N.D.N.Y. Nov. 5, 2018) (finding 45.4 hours reasonable).

Second — "the nature and length of the professional relationship with the client — including any representation at the agency level[,]" Fields, 24 F.4th at 855 — we note that Binder represented Plaintiff in some of the proceedings at the agency level.  (See generally Dkt. No. 11).  This indicates a more extensive relationship that may have enabled Binder to advocate for Plaintiff more efficiently and effectively before this Court.  See Fields, 24 F.4th at 855 ("It is quite likely that the significant investment of time and effort in Mr. Fields's case at the agency level further enabled Binder [] to operate with efficiency in the federal courts.").  Therefore, this factor does not warrant a downward adjustment.

Third — "the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855 — Binder "achieved a desirable result for Plaintiff." Munoz, 2023 WL 5310742, at *3. Although Plaintiff has not submitted any statement supporting or opposing the Amended Motion, she received a substantial award of past benefits owed since 2013. (See Dkt. No. 42-7). Thus, this factor does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4.

Fourth — "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855 — when Plaintiff first retained Binder at the agency level, achieving a substantial award of past-due benefits was not certain. Before initiating this action, Plaintiff had litigated her disability claims for approximately four years, without success. (See Dkt. No. 42 ¶¶ 1–2). Under these circumstances, we conclude that Binder's skills and experience were important factors in eventually securing a favorable result for Plaintiff. See Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *3 (S.D.N.Y. June 5, 2023) (finding uncertainty where claimant's application for benefits had been denied at agency level); Demola v. Comm'r of Soc. Sec., No. 18 Civ. 5281 (FB), 2023 WL 2914941, at *1 (E.D.N.Y. Apr. 12, 2023) (same). Thus, this factor does not warrant a downward adjustment.

None of the Fields factors support a finding that the Requested Fees would constitute a windfall to Binder, nor does the resulting de facto hourly rate of $722.88 — which, in any event, is not dispositive, see Fields, 24 F.4th at 854 — fall outside the range of de facto hourly rates that other courts in this Circuit have approved. See, e.g., Natasha N. G. v. Bisignano, No. 24 Civ. 6844 (JCM), 2026 WL 579184, at * 3–4 (S.D.N.Y. Mar. 2, 2026) (approving de facto hourly rate of $1,055.81 for Binder); Janes v. Saul, No. 18 Civ. 5054 (GBD) (SDA), 2020 WL 7029173, at *4

(S.D.N.Y. July 28, 2020), adopted by, 498 F. Supp. 3d 540 (S.D.N.Y. 2020) (collecting cases approving de facto hourly rates between $456.29 and $722.04 and finding $690 hourly rate was reasonable); Valle v. Colvin, No. 13 Civ. 2876 (JPO), 2019 WL 2118841, at *3–4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72 for Binder).

Binder must, however, on receiving an award of fees pursuant to Section 406(b), refund the EAJA Fees ($2,656.84) to Plaintiff.  See Wells v. Bowen, 855 F.2d at 48; Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

## IV. CONCLUSION

For the reasons set forth above, the First Motion is STRICKEN and the Amended Motion is GRANTED.  Binder is awarded attorneys' fees of $25,814.25 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

Binder is ORDERED, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (a) refund to Plaintiff the $2,656.84 in attorneys' fees previously awarded under the EAJA, and (b) file on the docket a declaration confirming that refund.

The Clerk of the Court is respectfully directed to close Dkt. No. 40 and strike Dkt. No. 28.

Dated:    New York, New York
          March 18, 2026                          SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**